## WILLIAMSON *versus* DOW.

A collector of taxes is liable in trespass, if he sell upon his warrant a greater number of the chattels than sufficient to pay the tax, with the fees and charges.

TRESPASS for taking the plaintiff's four cows.

Defendant justified on the same grounds, as in the preceding case of Blanchard against him, ante, page 557. His return upon the warrant stated that the tax was $58,02; that the charges were $5,99; that he sold the four cows for $121, and offered to restore the balance, $56,99, to the plaintiff. Neither the return nor the evidence showed that he gave to the plaintiff any "account in writing of the sale and charges." Defendant proved *that*, when the first cow was set at auction, one Blanchard bid her off at $65, and immediately offered the pay in American gold; and *that* the defendant declined to receive it until he had sold the other three cows, one at $20, one at $20, and one at $16.

The plaintiff called a witness who testified that the cow first sold was worth 15 or 16 dollars; and the others were respectively worth $25, $20, and $25. Both witnesses testified that the cows had been in the plaintiff's possession from the time of the sale.

The case was submitted.

*Paine*, for the plaintiff.

*Evans* and *Bradbury*, for the defendant.

SHEPLEY, C. J. — By the collector's return it appears that he distrained and sold four cows as the property of the plaintiff. The first was sold for more than sufficient to pay the tax and expenses, and payment for that one was offered to him before he sold the others. He offers evidence to justify his proceedings, that the first one sold for more than fourfold of its actual value. He nevertheless received from the purchaser the amount for which it was sold, and this he might have received as well before as after the sale of the others.

An officer is not authorized to decide that property sold by

him is bid off for more or less than its value. It is his duty
to obtain the best price, he can, for it. When he has sold suf-
ficient property and can have his pay for it, he is not author-
ized to proceed and sell more. Such a course might subject
the owner to unnecessary losses. The residue of the property
should be restored to the owner.

There is also the same defect noticed in the case of *Blanch-
ard* v. *Dow*, in the neglect to return, with the overplus, an
account of sales and expenses.

The collector therefore fails to make out a justification for
the sale of any portion of the property.

It becomes unnecessary to notice the other points presented.
*Defendant defaulted.*